## Deitchman et al. v. Carpenter et al.

*Harry L. Siegel* and *Robert Siegel*, for plaintiffs.

*Frederick W. Culbertson, Horace J. Culbertson* and *Lehman & Fetterolf*, for defendants.

UTTLEY, P. J., April 2, 1942.—This is a motion to amend the caption and plaintiffs' statement in the above suit by withdrawing the National Fire Insurance Company as a nominal party plaintiff.

When this action was brought Rule 2002 of the Pennsylvania Rules of Civil Procedure, in its original form requiring the prosecution of actions by the real party in interest, was in force and the National Fire Insurance Company, as a real party in interest, was named as one of the plaintiffs. Subsequently on October 29, 1941, an amendment to the above rule became effective in which a further exception was added, providing that "(d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest".

The statement in this case shows and it is conceded that the National Fire Insurance Company is a subrogee plaintiff. If the action in this case had been brought after the above amendment to rule 2002 became effective it would have been unnecessary to name the National Fire Insurance Company as a party plaintiff. Inasmuch as clause (*a*) of the rule refers to the prosecution of actions, which means not merely the commencement but also the carrying on of the same, we can see no reason why a real party in interest named as plaintiff could not withdraw at any stage of the case. If it would not be mandatory to prosecute the action it would not be mandatory to continue it after it had been started. Furthermore the amendment to this rule is as to a matter which is purely procedural and it can therefore be construed as retrospective. The facts in this case are the same as in Watson et al. v. Horlacher Delivery Service, Inc., 43 D. & C. 120, where Winnet, J., allowed the amendment, although the question whether exception (*d*) to clause (*a*) of rule 2002 applied to pending actions was not there raised. For the reasons above given, however, we are of the opinion that the amendment applied also to pending actions. The motion is therefore sustained and the amendment allowed.

## *Decree*

Now, April 2, 1942, after due consideration, the motion to amend the caption of the within case and plaintiffs' statement of claim by withdrawing the National Fire Insurance Company as a nominal party plaintiff, so that the suit shall continue as the suit of Jennie Deitchman, plaintiff, v. Thomas Carpenter and J. Thomas Barclay, defendants, is hereby granted and said amendment is allowed without prejudice to the right of the National Fire Insurance Company to share in any amount that may be recovered in said action for the reasons set forth in the above motion. Exception noted and bill sealed for defendants.